IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BEATRICE C. TAYLOR                                              PLAINTIFF

vs.                              Civil No. 5:07-cv-05218

MICHAEL J. ASTRUE                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Beatrice C. Taylor ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and

XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any

and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment,

and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff filed her application for DIB on June 9, 2005, and she filed her application for SSI

on May 25, 2005.  (Tr. 14).  Plaintiff alleged she was disabled due to back and neck pain; left arm

pain; a left arm injury with weakness and pain; decreased memory, concentration, and attention span;

hypothyroidism; frequent severe headaches; fatigue; depression; anxiety and panic attacks; and "a

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for
this case are referenced by the designation "Tr."

1

knot that swells on her head when she gets hot." (Tr. 15, 81). Plaintiff alleged an onset date of November 5, 2004, the date she was in a car accident. (Tr. 15, 218, 342). These applications were initially denied on August 9, 2005 and were denied again on reconsideration on October 18, 2005. (Tr. 31-32, 296-302).

On December 12, 2005, Plaintiff requested an administrative hearing on her applications. (Tr. 39). This hearing was held on March 27, 2007 in Fayetteville, Arkansas.[2] (Tr. 318-369). Plaintiff was present and was represented by counsel, Ashley Hunt, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Sarah Moore testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained her GED. (Tr. 323-324).

On June 20, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 14-25). In this decision, the ALJ determined that Plaintiff met the non-disability requirements for a period of disability and for DIB and that Plaintiff was insured for benefits through the date of her decision. (Tr. 24, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date, November 5, 2004. (Tr. 24, Finding 2). The ALJ determined Plaintiff had the following severe impairments: neck pain, degenerative disc disease of her lumbar spine, and an anxiety disorder. (Tr. 16; 24, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 24, Finding 4).

---

[2] This hearing was originally set for February 8, 2007, but Plaintiff was unable to attend. (Tr. 312-317). Accordingly, this hearing was postponed until March 27, 2007.

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 15-25). At the administrative hearing, Plaintiff claimed she was in "chronic pain all the time" in her back, legs, left arm, left hand, and neck. (Tr. 346-347). Plaintiff claimed that, due to this pain, she could only stand thirty (30) to forty (40) minutes at a time. (Tr. 348). Plaintiff claimed she was only able to sit between fifteen (15) to twenty (20) minutes at a time. (Tr. 348). Plaintiff claimed she was unable to walk long distances and was unable to bend over and touch her toes. (Tr. 349). Plaintiff claimed she suffered from panic attacks, especially at night. (Tr. 357).

The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 943 (8th Cir. 1984). (Tr. 14-24). After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations. (Tr. 24, Finding 5). Specifically, the ALJ stated: "[t]he undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision." *Id.* In the body of her decision, the ALJ based her credibility determination upon several different findings, including the following: (1) Plaintiff sought intermittent medical treatment from the time she was involved in an automobile accident until the date of the ALJ's decision; (2) Plaintiff did not take any medication for her alleged anxiety, and there was no indication in the record that she ever sought treatment for her alleged anxiety: (3) Plaintiff's physicians did not place any functional restrictions on her activities that would preclude her in her ability to perform light work at the unskilled level; and (4) Plaintiff was able to perform a wide variety of daily activities, including performing household chores, cooking meals, and caring for her own personal hygiene. (Tr. 14-24).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the evidence in the record and hearing testimony and determined Plaintiff's RFC. (Tr. 22). Specifically, the ALJ determined Plaintiff retained the following RFC:

> The claimant retains the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can sit for 6 hours in an 8-hour workday and she can stand and/or walk for 6 hours in an 8-hour workday. Due to neck complaints, she cannot perform any job that would require her to drive. She cannot reach overhead with her left non-dominant arm and hand. Due to pain complaints, she cannot climb scaffolds, ladders, or ropes and she should not work at unprotected heights or around dangerous equipment or machines. She can occasionally climb, bend, stoop, crouch, crawl, kneel, and balance. Her psychological disorder does give rise to certain limitations and she should work at jobs that are non-complex, require little judgment, and are routine in nature with few variables. Superficial contact should be incidental to work with the public. Supervision required should be concrete, direct, and specific.

(Tr. 24, Finding 6). *See* 20 C.F.R. § 416.967(b) (2008).

The ALJ then determined Plaintiff would be unable to perform her Past Relevant Work ("PRW") but would be able to perform other work existing in significant numbers in the national economy. (Tr. 24-25, Findings 7, 12). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 318-369). Based upon their testimony regarding Plaintiff's PRW, the ALJ determined Plaintiff's PRW could be categorized as work as a cashier, motel cleaner, and waitress. (Tr. 22). The ALJ then determined that, considering Plaintiff's RFC, Plaintiff would be unable to perform any of this PRW. (Tr. 22).

At the administrative hearing, the VE also testified regarding Plaintiff's ability to perform other work existing in significant numbers in the national economy. (Tr. 364-369). The VE testified that a hypothetical person with Plaintiff's RFC, age, education, and work experience would be able to perform work as a small products assembler with 14,000 such jobs in Arkansas and 1,000,000 such jobs in the national economy. (Tr. 23; 25, Finding 12). Based upon this testimony and in

4

accordance with the Medical-Vocational Guidelines ("Grids") as a framework for decision-making, the ALJ determined Plaintiff was not under a "disability" as defined by the Act at any time through the date of the ALJ's decision. (Tr. 25, Finding 13).

On July 11, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 10). *See* 20 C.F.R. § 404.968. On September 27, 2007, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 4-6). On November 30, 2007, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on December 12, 2007. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred by failing to consider Plaintiff's impairments in combination; (B) the ALJ erred by failing to properly consider Plaintiff's subjective complaints of pain; (C) the ALJ erred by finding Plaintiff retained the RFC for light work; (D) the ALJ erred by disregarding the opinions and findings of Plaintiff's treating physician; and (E) the ALJ erred by failing to fully and fairly develop the record.  (Doc. No. 7, Pages 2-20).  In response, Defendant claims the ALJ properly evaluated Plaintiff's credibility and properly determined Plaintiff retained the RFC for light work.  (Doc. No. 8, Pages 4-9).  Defendant also claims that the VE's response to the ALJ's hypothetical question provides substantial evidence supporting the ALJ's disability determination.  (Doc. No. 8, Pages 9-11).  This Court will address Plaintiff's arguments in order.[3]

**A. Impairments in Combination**

Plaintiff claims the ALJ erred by failing to consider her subjective complaints in combination.  (Doc. No. 7, Pages 15-16).  Plaintiff claims that "the ALJ has sidestepped the requirement that the claimant's impairments be considered in combination, in violation of Anderson v. Heckler, 805 F.2d 801 (8th Cir. 1986)."  *See id.* at 15.  Specifically, Plaintiff claims the ALJ failed to evaluate her subjective complaints of pain, discomfort, fatigue, and anxiety.  *See id.* Defendant did not respond to this claim.

Under the facts in the present case, this Court finds that the ALJ properly considered Plaintiff's impairments in combination.  The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment,

---

[3] However, because these arguments are interrelated, this Court will address Arguments C-E together.

7

if considered separately, would be of sufficient severity.  *See* 20 C.F.R. § 404.1523 (2007).  In the

present action, in reviewing those claimed impairments, the ALJ thoroughly evaluated each of those

claimed impairments in her opinion (Tr. 15-24) and stated that Plaintiff's "medically determinable

*impairments* do not meet or medically equal one of the listed impairments."  (Tr. 24, Finding 4)

(emphasis added).  The ALJ also stated that "[t]he undersigned finds the claimant's allegations

regarding her *limitations* are not totally credible for the reasons set forth in the body of the decision."

(Tr. 24, Finding 5).  These statements are sufficient in the Eighth Circuit to establish that the ALJ

properly considered the combined effect of a plaintiff's impairments.  *See Hajek v. Shalala,* 30 F.3d

89,  92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that

the claimant's  *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments*

do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly

considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly

considered the Plaintiff's impairments in combination.   Plaintiff has alleged that she suffers from

a number of impairments.  (Doc. No. 7, Page 3).  However, this Court is not required to find a

plaintiff is disabled simply because he or she has alleged a long list of medical problems.  The ALJ's

opinion sufficiently indicates that the ALJ properly considered the combined effects of Plaintiff's

impairments, and the ALJ properly considered the severity of the combination of the Plaintiff's

impairments.  *See Hajek,* 30 F.3d at 92.

### B. Credibility Determination

Plaintiff claims the ALJ erred in evaluating her subjective complaints of disabling pain.

(Doc. No. 7, Pages 16-18).  Plaintiff claims the ALJ improperly determined Plaintiff's physicians

did not place any restrictions on her activities that would preclude her performance of light work. *See id.* Plaintiff claims the ALJ did not fulfill her duty to evaluate the entire record, state inconsistencies between the record and Plaintiff's testimony, and review the *Polaski* factors. *See id.* Instead, Plaintiff claims the ALJ improperly allowed her personal observations of Plaintiff's demeanor and behavior at the administrative hearing to influence her decision. *See id.* In response, Defendant claims the ALJ's credibility determination is entitled to deference. (Doc. No. 8, Pages 7-8). Defendant argues the ALJ properly reviewed the entire record in assessing Plaintiff's credibility and properly stated inconsistencies between the record and Plaintiff's claimed limitations. *See id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[4] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several

_____

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ properly evaluated Plaintiff's subjective complaints. The ALJ evaluated Plaintiff's subjective complaints pursuant to the factors in 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. Then, the ALJ noted the following inconsistencies between the record and Plaintiff's subjective complaints: (1) Plaintiff sought intermittent medical treatment from the time she was involved in an automobile accident until the date of the ALJ's decision; (2) Plaintiff did not take any medication for her alleged anxiety, and there was no indication in the record that she ever sought treatment for her alleged anxiety: (3) Plaintiff's physicians did not place any functional restrictions on her activities that would preclude her in her ability to perform light work at the

unskilled level[5]; and (4) Plaintiff was able to perform a wide variety of daily activities, including performing household chores, cooking meals, and caring for her own personal hygiene.  (Tr. 14-24). Apart from the ALJ's third finding, these inconsistencies provide substantial evidence supporting the ALJ's credibility determination Accordingly, the ALJ's evaluation of Plaintiff's subjective complaints is entitled to deference and should be affirmed.  *See Chamberlain v. Shalala,* 47 F.3d 1489, 1494 (8th Cir. 1995) (holding that "[w]here conflicting allegations and claims exist, credibility findings are for the ALJ to make").

### C. RFC Determination

Plaintiff claims the ALJ erred in finding she retained the RFC to perform light work.  (Doc. No. 7, Pages 17-18).  Plaintiff claims that "[t]o perform even sedentary work, one must be able to function on a <u>regular and sustained basis</u>."  *See id.* Plaintiff claims she is unable to perform work on a regular and sustained basis and that, therefore, she is unable to perform light work.  *See id.* Furthermore, Plaintiff claims the ALJ erred by disregarding the opinion of her treating physician, Dr. Garrett, and the ALJ erred by failing to order additional consultative examinations of Plaintiff in order to more fully develop the record.  *See id* at 16-20.  In response, Defendant argues the ALJ properly evaluated Plaintiff's treatment records and test results.  (Doc. No. 8, Pages 5-9).  Defendant also argues the ALJ properly disregarded the opinions of Plaintiff's treating physician, Dr. Garrett and was not required to order additional consultative examinations.  *See id.* at 5-9.

This Court has reviewed Plaintiff's medical records and finds the ALJ's RFC determination is not supported by substantial evidence, and the ALJ should have further developed the record in

---

[5] Plaintiff claims this third finding is incorrect.  (Doc. No. 7, Pages 16-18).  Plaintiff is correct in this claim. Her physician, Dr. Garrett, restricted Plaintiff in her ability to perform work and found she could only perform *less than sedentary work.*  Therefore, the ALJ erred in making this finding.

Plaintiff's case.  The medical records in this case are relatively sparse and date from November 5, 2004 until February 2, 2007.  (Tr. 125-290).  On November 5, 2004, Plaintiff injured her neck and left hand in a car accident.  (Tr. 218, 342).  On November 7, 2004, Dr. Greenberg performed surgery on Plaintiff's neck.  (Tr. 134).  Dr. Greenberg's follow-up records establish that Plaintiff's surgical wounds healed well.  (Tr. 212-215).  The last record from Dr. Greenberg is dated November 22, 2004.  *See id.*

Thereafter, in September of 2005, Plaintiff was admitted to the emergency room at Northwest Medical Center and was diagnosed with sciatica.[6]  (Tr. 216).  No additional medical records related to Plaintiff's treatment at Northwest Medical Center are included in the transcript.  From November 14, 2003 until February 2, 2007, Plaintiff was treated by Dr. John L. Garrett, M.D.  (Tr. 185-186, 206-211, 221-235).  These records reflect that Dr. Garrett treated Plaintiff for back pain, panic attacks, hypothyroidism, generalized anxiety disorder, leg pain, and related problems.  *See id.*  In October of 2005, Dr. Garrett noted that Plaintiff's main problem was her back pain.  (Tr. 211).  On December 14, 2006, Dr. Garrett completed a one-page checklist report where he found Plaintiff was only capable of performing *less than sedentary work*.  (Tr. 186).

Apart from these records, the only other medical records the ALJ relied upon was a report by a state agency physician, Dr. Crow.  (Tr. 167-180).  In this report, Dr. Crow found Plaintiff retained the ability to perform *light work*.  *See id.*  However, Dr. Crow was a consulting physician who never examined Plaintiff, and his report does not provide substantial evidence supporting the ALJ's disability determination.  *See Wagner v. Astrue,* 499 F.3d 842, 849 (8th Cir. 2007) (holding

---

[6] Sciatica is "a general term for low back pain or pain in the hip and buttocks which usually radiates part way down the leg."  (Tr. 216).  The pain from sciatica can be very severe and can last for a few days up to a few weeks.  *See id.*

that the report of a consulting physician who examined a claimant once does not generally constitute substantial evidence).  This is especially true where, as here, the opinion of Dr. Crow, the consulting physician, is in conflict with the opinion of Plaintiff's treating physician, Dr. Garrett, who found Plaintiff could only perform less than sedentary work.  *See id.*

    Because the ALJ erred by failing to further develop the record and because the ALJ erred by improperly discounting the opinion of Plaintiff's treating physician, this case is not supported by substantial evidence in the record and must be reversed and remanded.  On remand, the ALJ should order such additional consultative examinations as are necessary to fully and fairly develop the record.  The ALJ should not have discounted Dr. Garrett's opinion without providing *some* evidence supporting her position, and the report of a non-examining consulting physician was not sufficient.

## 4. Conclusion:

    Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and must be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

    **ENTERED this 16th day of December, 2008.**

                                        /s/   Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        U.S. MAGISTRATE JUDGE